UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THOMAS L. GIEGLER and
AMANDA M. GIEGLER,

       Plaintiffs,

       v.                          Case No. 18-C-1120

CHRIS ABELE, MR. HAEFFMANN,
MR. HERNANDEZ, CAPTAIN BACON,
SECURITY STAFF, TRACY COVERT,
CATHY CARLSON, GINA STANISLAWSKI,
PORSHIA LEWAND, DAVID DALLAND,
IC SOLUTIONS SERVICE, LT. JOHNSON,
LT. REEVES, SGT. BUTLER, SGT. WILDER, and
KERRI CLEYHORN,

       Defendants.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING ACTION

---

Plaintiff, Thomas L. Giegler, who is currently confined at the Milwaukee County House of Correction, filed this civil rights complaint alleging the defendants violated his rights under federal and state law when they recorded telephone conversations he had with his daughter and provided the conversations to third parties. Upon initial screening of the complaint, Magistrate Judge William E. Duffin recommended that the case be dismissed for failure to state a claim. Giegler has filed an objection citing both federal and state laws that he believes prohibit interception of oral communications absent a warrant or express consent. Having considered Giegler's objection, I hereby adopt the thorough discussion and conclusions reached by the magistrate judge.

In addition to the analysis set forth in the Report and Recommendation, I also note that the Wisconsin Court of Appeals has rejected the precise argument Giegler makes here in its interpretation of the Wisconsin Electronic Service Surveillance Control Law (WESCL), Wis. Stat. §§ 968.27–968.37. *See State v. Riley*, 2005 WI App 203, ¶10, 287 Wis. 2d 244, 704 N.W.2d 635.

Of course, violations of state law are not enough to state a federal claim. The Court of Appeals' decision in Riley is nevertheless helpful in that it addresses a number of Giegler's arguments.

Because the WESCL is patterned after Title III of the Federal Omnibus Control and Safe Streets Act of 1968, which authorizes federal surveillance and interception of oral communications, the Wisconsin state courts have looked to the federal courts' interpretations of the Title III consent exception for guidance in construing its own law. In *Riley* the court noted that courts interpreting the federal law have concluded that "consent may be express or may be implied in fact from the surrounding circumstances indicating that the defendant knowingly agreed to the surveillance." *Id.* at ¶ 11 (quoting *United States v. Van Poyck*, 77 F.3d 285, 292 (9th Cir. 1996)). The state court further noted that "federal circuit courts that have addressed the consent exception in the prison setting have overwhelmingly concluded that an inmate has given implied consent to electronic surveillance when he or she is on notice that his or her telephone call is subject to monitoring and recording and nonetheless proceeds with the call." *Id*.

The same rules apply in the jail setting. So long as the inmate is given meaningful notice that his or her telephone calls over institutional phones are subject to surveillance, the decision to engage in conversations over those phones constitutes implied consent to such surveillance. *Riley*, at ¶ 12. Moreover, meaningful notice may include either a signed acknowledgement form, an informational handbook or orientation session, a monitoring notice posted on the outbound telephone or recorded warning that is heard by the inmate through the telephone receiver prior to his or her making the outbound telephone call. *Id.* at ¶ 13.

Here, the magistrate judge expressly noted that the House of Correction inmate handbook that Giegler attached to his complaint specifically states "all telephone calls are monitored and recorded." Having received this warning, Giegler's decision to nevertheless place a telephone call

2

constitutes the implicit consent needed to avoid any violations of either federal or state law. Having consented to the monitoring, he had no expectation of privacy.

For these reasons, as well as those stated by the magistrate judge, the case is ordered dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**SO ORDERED** this 2nd day of November, 2018.

                                                             s/ William C. Griesbach
                                                            William C. Griesbach, Chief Judge
                                                            United States District Court